**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-5097**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DERRICK LOUIS FREEMAN, II, a/k/a Derrick Louis Freeman, Jr.,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:07-cr-00031-MR-1)

───────────

Submitted:  October 16, 2008         Decided:  November 10, 2008

───────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, P.L.L.C., Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a conditional plea of guilty, Derrick Louis Freeman, II, was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and sentenced to forty months in prison. The conviction arose out of a routine traffic stop; Freeman was stopped by Officer Hogue because he was operating a moped in excess of the thirty miles per hour permitted for such a vehicle.[1] During the stop, Hogue observed that Freeman lacked not only a license plate but a driver's license, registration, and insurance. Freeman consented to a pat-down, during which a firearm fell out of Freeman's pants onto the concrete. The district court denied Freeman's motion to suppress.

On appeal, Freeman contends that the district court erred in denying the motion to suppress the firearm.[2] He argues that because the arresting officer had neither articulable facts nor

---

[1]Under North Carolina law, a moped is excluded from the definition of a motor vehicle. N.C. Gen. Stat. § 20-4.01(23) (2007). Pursuant to N.C. Gen. Stat. § 20-4.01(27)(d1) (2007), a moped is defined in N.C. Gen. Stat. § 105-164.3(22) (2007), as follows: "A vehicle that has two or three wheels, no external shifting device, and a motor that does not exceed 50 cubic centimeters piston displacement and cannot propel the vehicle at a speed greater than 30 miles per hour on a level surface." Under N.C. Gen. Stat. § 20-51(9) (2007), a moped is "exempt from the requirement of registration and certificate of title" applicable to motor vehicles.

[2]By entering a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), Freeman preserved his right to appeal this issue.

probable cause for the stop, the stop violated the Fourth Amendment.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo and factual findings for clear error. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008). "Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." Id. at 335. In the course of a routine traffic stop, an officer can ask for driver's license and registration and perform a computer check on these before issuing a citation. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). "Any further investigative detention, however, is beyond the scope of the Terry stop and therefore illegal unless the officer has a reasonable suspicion of a serious crime or the individual consents to the further detention." Id. (internal quotation marks and citations omitted).

Freeman's sole argument on appeal is that Hogue was not qualified to determine whether the moped was capable of a speed higher than thirty miles per hour on hilly terrain; therefore, his determination that Freeman was speeding was a mere hunch that did not justify the traffic stop. However, as the district court found, Hogue tested Freeman's speed with a radar gun and followed him for two miles to assess the moped's speed, which was over

3

forty-five miles per hour. Based on that evidence, Hogue concluded that Freeman's moped was propelling itself in excess of thirty miles per hour, and therefore was a motor vehicle subject to state licensing and registration requirements. Based on these facts, we conclude that the district court did not err in concluding Officer Hogue had a reasonable suspicion that Freeman was violating the law and the stop was therefore justified. <u>Branch</u>, 537 F.3d at 335. Accordingly, the district court properly denied the motion to suppress.

We affirm Freeman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4